CARRIE B. THROP

*v.*

SAMUEL W. THROP et al.

[Decided July 21st, 1905.]

1. The scheme of a will providing for a distribution of the residue among the children of the testatrix at a fixed future time *held* to be altered, as to one of the children, by a codicil providing that his share should be paid to a trustee, who should pay the income thereof to him during his life, and at his death should pay the share to his heirs.

2. The residue being personal property—*held*, that at the death of the son his widow became entitled to one-third of the share, and could compel the administrator *cum testamento annexo* and the trustee to account therefor.

On bill and answer.

The contention in this cause involves the construction of the following parts of the will of Rebecca V. Throp:

"*Item 11th.* I give and bequeath all of the residue of my estate bonds stocks and all moneys together with all other property belonging to my estate to my three children Samuel W. Throp, Frank W. Throp and Addie May Bowne, the principle to be kept untill untill January, nineteen hundred and ten, at which time it is to be divided share and share alike provided first that all money that my children have had be deducted from their share.

"*Item 12th.* In case any of children dying without heirs the money to be divided between the surviving ones and I further direct in case any of my children become sick or in need that a portion of their share may be paid to them from time to time as necesity may require."

And the following portion of the codicil thereto:

"This A also add to this codicil which will bear date as above, Sep. 1, 1900, I do hereby ratify and confirm my said will in all respects so far as any part thereof shall be revoked of altered by this present codocil I direct and it is my will that the share or portion of my estate bequeathed to Frank W. Throp in the said will shall be paid to Samuel

W. Throp as trustee for said Frank W. Throp and that said trustee shall pay the income of said share or portion to the said Frank W. Throp semi-annually during his natural life an at his death the said share or portion shall be paid to his heirs."

*Mr. Walter H. Bacon* and *Mr. John H. Backes,* for the complainant.

*Mr. Edwin R. Walker,* for the defendants.

MAGIE, CHANCELLOR.

Complainant is the widow of Frank W. Throp, who is named in the will and codicil of Rebecca V. Throp, in the excerpts therefrom shown in the prefatory statement. Her husband died after the decease of his mother, the testatrix, leaving complainant, his widow, and a son by a previous marriage.

The bill seeks a decree that Samuel W. Throp, the administrator *cum testamento annexo* and the trustee under the will and codicil of Rebecca V. Throp, should account for her estate and for such share thereof as Frank W. Throp had an interest in, and should pay to complainant one-third of such share, as the widow of said Frank W. Throp.

The answer of Samuel W. Throp denies any right in the complainant to an accounting from him, either as administrator *cum testamento annexo* or as trustee, and denies that she is entitled to any portion of such share of Frank W. Throp.

Obviously this involves the construction of the will and codicil of the deceased, and the determination of the rights of the complainant thereunder, if any.

If our consideration were confined to the eleventh and twelfth items of the will, a problem of some difficulty would be presented. I think that it is apparent that the scheme of testatrix is defectively expressed in those items. For example, she leaves to her three children all the residue of her estate, providing that the principal shall remain undivided until January, 1910, yet she appoints no executor or trustee to hold the fund until the period of the division fixed by her, nor does she expressly provide what is to be done with the accruing income or interest arising from the fund.

She further provides that in case any of the three children should die "without heirs," ·the fund shall be divided between the survivors, yet she makes no provision as to the disposition of any share of a child in case he should die leaving heirs. It is possible that the indication of testatrix's intent in respect to the apparently omitted provisions is clear enough to justify a construction which would imply them.

But I think we are relieved from any difficulty in respect to the share of Frank W. Throp. The scheme of the will in respect to that share is, in my judgment, altered by the codicil. The share of Frank W. Throp is thereby segregated from the others and a trust created in respect to it. Samuel W. Throp is appointed its trustee and directed to pay the income of the share to Frank W. Throp during his life, and then testatrix expressly provides that "at his death the said share or portion shall be paid to his heirs." By this language the intent of testatrix to dispose of the share of Frank W. Throp at his death is, in my judgment, unmistakable. The insistment of Samuel W. Throp that, notwithstanding the death of Frank, the share remains in his hands to await the period of division fixed by the will, and then to be divided among the survivors, seems to me inadmissible. The scheme of the will in that respect is changed by the codicil, at least so far as the share of Frank is concerned.

It only remains, then, to determine whether the share of Frank W. Throp, who is now dead, or any part thereof, is to be paid to the complainant as his widow. Payment is directed to be made to the "heirs." It is conceded that the residue of the estate of the testatrix is personal property. It is settled in this state that when a contract or a testamentary disposition passes property to persons described as heirs, personal property will pass to those entitled to personal estate under the statute of distribution. It will therefore pass to the widow and children in the proportions indicated by the statute. *Leavitt* v. *Dunn, 56 N. J. Law (27 Vr.) 309; Reen* v. *Wagner, 51 N. J. Eq. (6 Dick.) 1.* Upon the authority of these cases, I think complainant is entitled to one-third of the share held in trust for the benefit of Frank W. Throp for his life, and may require the

administrator *cum testamento annexo* and the trustee to account and pay her said one-third.

A decree will be made in conformity with this opinion.